Yes, Mr. Montgomery, please approach the bench or approach the podium. Good morning, Your Honor. Good morning. Dan Montgomery on behalf of Mr. Gallegos-Galindo. This case, as I think the court has seen from the briefs, covers a very narrow issue, that being whether a 16-level enhancement was proper based on a conviction of a crime of violence under the applicable guidelines. Historically, the defendant rejected a plea agreement because of his belief that it was not a crime of violence. As the court can see from the transcripts of record at sentencing, his trial counsel admitted it was a crime of violence. Historically what it was Let's just say for a minute, though, that we just put aside what his counsel admitted and just look at the analysis under the modified categorical analysis under Taylor. Doesn't your client lose on that? I mean, he specifically admitted in the document that the court examined what he did. I mean, it's real clear. Sometimes in these modified categorical analyses we get some very mushy language and some documents that are not so clear, but this one is he was real clear about what he did, and it exactly fits with what under the sentencing guidelines constitutes a forcible sex offense. And I guess the issue there is I believe the district court decided instead under the 2008 modification of the guidelines. It didn't. It cited under the later guidelines, which amended the ones that you're referring to. I mean, to the one issue we were addressing, the briefs, and that's if you look at the facts of U.S. v. Lopez Montez, identical to this case, that case has never been overruled. I concede that case was decided prior to the 2008. Doesn't that matter? It certainly may very well matter, and that's the issue I think the Court's got to decide. The Ninth Circuit looked at it one previous time and rejected it. Using a different language, though. Yeah. They didn't need to decide that issue because they decided the case, and that's in the case of Espinoza-Morales, they decided that they weren't going to retroactively apply the 2008 guidelines in that case, and therefore they didn't issue need to decide the issue whether the 2008 guidelines were overruled. The parenthetical language added in 2008 seems, does it not, it seems to me, to cover or to be designed to cover just the sort of thing that your client did, and then he was, for the crime of conviction here, the Federal crime, it occurred after 2008. It does. I mean, this language covers it. Isn't that right? And I can't argue with the Court merely whether this circuit is going to say that that language overrides their previous holding. Well, didn't, realistically, didn't Espinoza-Morales say just that, that Lopez-Montanez was likely abrogated by the 2008 amendment? It certainly hinted at it. It's pretty more than a hint, isn't it? It implied, but that's, unfortunately, the only horse I have to ride here today. You're riding, counsel. Get ready. But, yeah, I conceded, I think we conceded, in effect, under the 2008 guidelines he meets the definition. Realistically, I mean, I appreciate the fact that sometimes counsel have difficult jobs and the horse that they're giving out of the stable, but we appreciate your writing it. But under the circumstances, since under the modified categorical analysis, your client expressly admitted to what is very clearly a forcible sex offense under the guidelines, and since the offense occurred after the 2008 amendment, what more is there to talk about? Not a lot. Okay. Thank you, Your Honor. Okay. We appreciate that. Let's hear from the government. Good morning, Your Honor. Erika Sager on behalf of the Assistant U.S. Attorney's Office in the District of Arizona. As this Court has already hinted, the district court in this case correctly held that the 16-level enhancement was appropriate because the defendant's  definition of forcible sex offense under the 2010 guidelines, 2L1.2. The statute that the defendant was convicted under expressly requires sexual intercourse without the consent of the victim. The definition of forcible sex offense includes where consent to the conduct is not given. Therefore, from the government's perspective, the defendant under modified categorical approach was properly, his sentence was properly enhanced to 16 levels. If the Court doesn't have any other questions. I think you're in good shape if you don't fall off your horse. You rode your horse a long way. That's right. You haven't had a minute's argument. Exactly. Thank you. I have no question. Okay. Thank you very much. Do you have any other comments, Counselor? No, Your Honor. Okay. Very good. Well, the case just argued is submitted.
judges: Sack, Gould, Smith